UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN RAYSHAWN BRADLEY,

        Petitioner,               Civil Action No. 15-cv-14417

vs.                                       HON. BERNARD A. FRIEDMAN

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Glenn Bradley, ("petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se*, petitioner challenges his conviction for assault with intent to rob while armed, M.C.L.A. 750.89; assault with a dangerous weapon, M.C.L.A. 750.82; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice.

**I. Background**

Petitioner pleaded *nolo contendere* to the above charges in the Washtenaw County Circuit Court. Petitioner was sentenced on March 1, 2012, to seven to twenty years in prison on the assault with intent to rob conviction, two to four years on the assault with a dangerous weapon conviction, and two years on the felony-firearm conviction.

Petitioner returned to the trial court and filed some sort of motion, wherein he raised claims that his sentencing guidelines were improperly scored, that his convictions violated double

1

jeopardy, that he received ineffective assistance of counsel, and that he was denied transcripts. The judge denied that motion on May 12, 2014. By his own admission, petitioner did not file an appeal in his case.

Petitioner has now filed a petition for writ of habeas corpus. Petitioner alleges that the trial judge violated his Sixth Amendment right to a jury trial by using factors that had not been proven beyond a reasonable doubt to score several variables under the Michigan Sentencing Guidelines. Petitioner bases his claim on the new Michigan Supreme Court case of *People v. Lockridge*, 498 Mich. 358 (2015), in which the Court held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. The Michigan Supreme Court based its decision on *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), in which the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

## II. Discussion

The petition for writ of habeas corpus is subject to dismissal because petitioner sought habeas relief from his state court convictions pursuant to 28 U.S.C. § 2241(c)(3) and not 28 U.S.C. § 2254, as well as the fact that petitioner failed to exhaust his claim with the state court prior to filing his habeas petition.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a

state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions . . . support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original); *see also Allen v. White*, 185 Fed.App'x. 487, 490 (6th Cir. 2006) ("In light of the serious question whether a state prisoner *may* proceed under § 2241, there is no reason to think that a state prisoner (like Allen) *must* proceed under § 2241, or, a fortiori, that a court commits error by not converting a petition under § 2254 into one under § 2241.") (emphasis original). The basic rationale behind these decisions is that because § 2254 is the more specific statute regarding habeas petitions that challenge state court judgments, the provisions of that section take precedence over Section 2241. *See Medberry v. Crosby,* 351 F. 3d 1049, 1060 (11th Cir. 2003); *Cook v. N.Y. State Division of Parole*, 321 F. 3d 274, 279, n. 4. (2nd Cir. 2003); *Coady v. Vaughn,* 251 F. 3d 480, 484-85 (3rd Cir. 2001).

Therefore, regardless of the label on the statutory underpinning of the habeas petition,

habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed. App'x. 94, 95 (6th Cir. 2002).

> [W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.).

*Greene v. Tenn. Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)).

As a general rule, if a habeas petition brought by a state prisoner under 28 U.S.C. § 2241 is re-characterized by a district court *sua sponte* as being a habeas petition brought under 28 U.S.C. § 2254, and the court then adjudicates the habeas petition on the merits and is inclined to dismiss the petition with prejudice, the court must first give notice to the petitioner and allow him the option of withdrawing the habeas petition. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir.2004) (citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002)). The re-characterization of a petition brought pursuant to 28 U.S.C. § 2241 as a § 2254 petition without prior notice to the petitioner may bar him from asserting a habeas challenge to his state sentence at a later date, due to the limitations on the filing of second or successive habeas petitions that is contained in 28 U.S.C.§ 2244(b). *Id.*

In the present case, it is unnecessary to offer petitioner the option to withdraw his petition or agree to have his petition re-characterized as one brought pursuant to 28 U.S.C. § 2254 because even if petitioner wished to proceed under Section 2254, the instant petition is also subject to dismissal because petitioner failed to exhaust his claim with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner*, 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999)). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)); *Regan*, 209 F. Supp. 2d at 710, n. 3. The mere fact that petitioner is attempting to challenge his conviction under 28 U.S.C. § 2241 does not excuse him from the exhaustion requirement. *See e.g. Collins v. Million*, 121 Fed. App'x. 628, 630 (6th Cir. 2005). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

The instant petition is subject to dismissal because petitioner has failed to allege or indicate in his petition that he exhausted his state court remedies with respect to his claim. *See Peralta v. Leavitt*, 56 Fed. App'x. 534, 535 (2nd Cir. 2003); *see also Fast v. Wead*, 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, acknowledges on the face of his petition that he did not exhaust his claim prior to seeking habeas relief.

5

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust. *See Adams v. Holland*, 330 F. 3d 398, 401 (6th Cir. 2003). Under M.C.R. 7.205(F)(3), petitioner had six months to file a delayed application for leave to appeal with the Michigan Court of Appeals. Because petitioner was sentenced on March 1, 2012, the time for him to seek direct appellate review of his case has expired. This does not mean, however, that petitioner does not have an available state court remedy with which to exhaust his claim.

Petitioner could exhaust his claim by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Washtenaw County Circuit Court. *See Wagner*, 581 F. 3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Under Michigan law, a defendant's criminal conviction is reviewable in accordance with M.C.R. 6.500, *et seq.*, when the time limitation for filing an application for leave to appeal has expired. *See People v. Caston*, 228 Mich. App. 291, 297-98 (1998). Because petitioner can exhaust his claim by filing a post-conviction motion for relief from judgment, his petition is subject to dismissal. *See e.g. Enochs v. Walton*, No. 2:12-CV-11507, 2012 WL 1401729, at *5 (E.D. Mich. Apr. 19, 2012).[1]

---

[1] To the extent that petitioner already filed a motion for relief from judgment in the trial court, it would be too late for him to appeal the denial of that motion because the six month time period under M.C.R. 6.509 and M.C.R. 7.205(F)(3) to appeal has passed. The Court is further aware that pursuant to M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing *People v. Ambrose*, 459 Mich. 884 (1998)). However, M.C.R. 6.502(G)(2) states that a

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because petitioner's sole claim is unexhausted, and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006) (declining to extend the stay and abeyance procedure enunciated in *Rhines* when the habeas petition contains only unexhausted claims). Accordingly, the Court will dismiss the instant petition without prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if

---

defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks*, 149 F. App'x at 418; *Hudson*, 68 F. Supp. 2d at 800-01. Petitioner alleges in his motion that his claim is based on a retroactive change in the law filed after his earlier motion was filed, namely, the Michigan Supreme Court's decision in the *Lockridge* case. Even if petitioner's prior motion before the trial court was a post-conviction motion for relief from judgment, petitioner might be able to raises his claim in a second motion for relief from judgment pursuant to M.C.R. 6.502(G)(2).

the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C.§ 2254.

The Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claim or claims. *See Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

/

/

/

/

/

8

### III. Conclusion

Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice**.**

IT IS FURTHER ORDERED that a certificate of appealability and leave to appeal *in forma pauperis* is denied.

                                              S/ Bernard A. Friedman____
                                              BERNARD A. FRIEDMAN
                                              SENIOR UNITED STATES DISTRICT JUDGE

Dated:  January 8, 2016
       Detroit, Michigan